### NEW YORK, L. E. & W. R. Co. *v.* ROBINSON.

*(Supreme Court, General Term, First Department.* October, 1887.)

PLEADING—REPLY—NEW MATTER IN ANSWER.

    A reply will not be required to new matter in an answer which avers an adjudication in another state of the matters involved, and interposes the statute of limitations. Distinguished *Watson* v. *Phyfe*, 20 Wkly. Dig. 372.

Appeal from special term, New York county.

Action by the New York, Lake Erie & Western Railroad Company against Charles Robinson to procure a decree declaring certain shares of stock of the National Stock-Yard Company to have been unlawfully issued in defendant's lands, to have a certain contract canceled, and to have it adjudged that defendant procured certain property by fraud, and that said property belongs to the Erie Railway Company, or to plaintiff, its successor. Defendant pleaded the statute of limitations, and that the matters in litigation were finally settled and adjudicated in a suit brought in the state of Illinois. Defendant moved to compel plaintiff to reply to those portions of the answer which set up in bar the proceedings in Illinois and the statute of limitations, as being averments of new matter. The motion was denied, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Burnett & Whitney*, for appellant.    *Abbett & Fuller*, for respondent.

PER CURIAM. There seems to be no good reason shown upon the papers presented on this record for requiring a reply to the answer herein, unless the rule is to be adopted that the court will require a reply to any new matter set up by way of defense. The allegations as to the proceedings of the court in Illinois can be easily proven, if true, by an exemplified copy of the record in that court, and no reply should be required. The defense of the statute of limitations is one which the defendant must establish for himself, and the plaintiffs cannot be called upon to lend their assistance to him, or to aid him in the performance of that task. The case of *Watson* v. *Phyfe*, 20 Wkly. Dig. 372, which seems to be relied upon as an authority for the granting of the motion in this action, presented features entirely different from those existing in the case at bar. In that case, upon various grounds essentially different in their nature, the averments of the answer might be attacked, and the court held that the defendant should be informed of these grounds by a reply. In the case at bar, the effect of the alleged adjudications in Illinois must depend upon the record of the proceedings in that state, and the laws applicable thereto, and of this fact the defendant is perfectly aware, and cannot, therefore, be surprised by the introduction of some new and unexpected reply to his defense. The order appealed from should be affirmed, with $10 costs, and disbursements.